Spanish translation of Plea Agreement Crispin Vasquez Bautista 22-cr-00227-DDD

## EN EL TRIBUNAL DE PRIMERA INSTANCIA DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE COLORADO

Caso Criminal No. 22-cr-00227-DDD

ESTADOS UNIDOS DE AMÉRICA,

Demandante,

Contra

CRISPIN VASQUEZ BAUTISTA,
También conocido como Crispin Vazquez Bautista,

Acusado.

---

## ACUERDO DECLARATORIO DE CULPABILIDAD

---

Los Estados Unidos de América, por y a través de Cole Finegan, Fiscal de los Estados Unidos para el Distrito de Colorado, y Albert Buchman, Fiscal Federal Delegado de los Estados Unidos, y el acusado, Crispin Vasquez Bautista, personalmente y por su abogado John Parras, por este medio presentan el siguiente Acuerdo Declaratorio en conformidad con la Regla Local 11.1 del Tribunal Federal del Distrito de Colorado. Este acuerdo compromete únicamente al Sector Criminal de la Oficina del Fiscal de los Estados Unido para el Distrito de Colorado y al Acusado.

### I. **ACUERDO**

#### A. *Declaración de Culpabilidad del Acusado:*

El acusado conviene:

(1) declararse culpable del único cargo de la Acusación formal, acusándolo de una violación del Título 8 del Código Penal de los Estados Unidos, Sección 1326(a), reingreso ilegal de un extranjero previamente deportado, aceptando que se aplica el aumento en la penalidad bajo el Título 8 del Código Penal de los Estados Unidos, Sección 1326(b)(1).

(2) recomendar una sentencia de no menos que 12 meses y un día de prisión.

(3) renunciar ciertos derechos de apelación y de ataque colateral, tal como se explica en detalla a continuación.

1

Court's Exhibit
1A
22-cr-00227

Spanish translation of Plea Agreement Crispin Vasquez Bautista 22-cr-00227-DDD

**B.   *Obligaciones del Gobierno***

Este acuerdo se hace en conformidad con la Regla 11(c)(1)(B) de la Reglas Federales sobre Procedimientos Penales.  A cambio de la declaración de culpabilidad del acusado y la renuncia de ciertos derechos de apelación, los Estados Unidos conviene:

(1) pedir una sentencia al margen mínimo de las pautas de sentencias recomendadas resultando de la disposición por medio de la "vía rápida."

(2) si el acusado no participa en conducta prohibida o de alguna forma implica la Sección 3C1.1  y 3D1.1, comentario n.4, de las Pautas de Sentencias entre la declaración de culpabilidad y la sentencia en este caso, el Gobierno conviene que el acusado debería recibir una reducción de dos niveles por aceptación de responsabilidad en conformidad con la Sección 3E1.1(a) de las pautas de Sentencias de los Estados Unidos y conviene presentar una petición pidiendo que el acusado reciba una reducción de un nivel por aceptación de responsabilidad en conformidad con la Sección 3E1.1(b) de las pautas de Sentencias de los Estados Unidos.

**C.   *Acuerdo de Disposición Sin Demora ("Vía Rápida"):***

Este acuerdo se hace en conformidad con el programa del Distrito de Colorado de la disposición sin demora ("Vía Rápida") basándose en la Sección 5K3.1 de las Pautas de Sentencias de los Estados Unidos ("programas de disposición sin demora").  El gobierno conviene presentar una petición para una reducción de tres niveles en conformidad con las Pautas de Sentencias de los Estados Unidos ("programas de disposición sin demora"). A cambio de la petición para pedir una reducción de 3 niveles tal como se describe arriba, el acusado conviene: (a) no presentar ninguna petición en conformidad con la Regla 12(b)(3), *Reglas Federales de Procedimientos Penales,*  (b) renunciar ciertos derechos de apelación, tal como se describe abajo, y (c) estar de acuerdo que el Departamento de Prisiones calcular[a cualquier crédito por el tiempo de encarcelamiento previo al juicio. Aunque las partes entienden que las pautas son [únicamente recomendaciones, los Estados Unidos y el acusado estipulan y están de acuerdo que esta disposición por la vía rápida es correcta y resulta en una sentencia que promueve los objetivos de la sentencia establecidos bajo el Título 18 del Código Penal de los Estados Unidos, Sección 3553(a).

**D.  *Renuncia de los Derechos de Apelación del Acusado:***

El acusado entiende que el Título 18 del Código de los Estados Unidos, Sección 3742 le ofrece el derecho de apelar la sentencia, incluyendo la forma en la cual dicha

Spanish translation of Plea Agreement Crispin Vasquez Bautista 22-cr-00227-DDD

sentencia sea determinada.  Entendiendo esto, y a cambio de las concesiones hechas por

el gobierno en este acuerdo, el acusado a sabiendas y voluntariamente renuncia el

derecho de apelar cualquier asunto en conexión con este proceso, condena, o sentencia,

a menos que cumpla con uno de los siguientes criterios:

>  (1) la sentencia excede la penalidad máxima indicada en la ley de la condena, Título 18 del Código Penal de los Estados Unidos, Sección 1326(a), (b)(1)
>
>  (2) la sentencia excede el margen máximo recomendado de las pautas de sentencias que se aplica a la historia criminal del Acusado (tal como sea determinada por el Juez) por un nivel delictivo total de 10; o
>
>  (3) si el gobierno apela la sentencia impuesta.

Si se aplica el primer criterio, el acusado podrá apelar únicamente el asunto de

cómo su sentencia excede la pena máxima estatutaria. Pero si aluno de los otros dos

criterios posteriores se aplica, el acusado podrá apelar sobre cualquier fundamento

disponible debidamente en una apelación que sigue una declaración de culpabilidad.

El acusado además a sabiendas y voluntariamente renuncia el derecho de refutar

esta acusación, condena o sentencia (incluso la orden de indemnización) en cualquier

ataque colateral (incluso pero no limitado a una petición presentada bajo el Título 28 del

Código de los Estados Unidos, Sección 2255).  Esta provisión de la renuncia no impide

que el acusado pida amparo disponible de otra forma en un ataque colateral sobre

cualquiera de los siguientes fundamentos:

>  (1) el acusado debería recibir el beneficio de un cambio explícitamente retroactivo en las pautas de sentencias o el estatuto de la sentencia;
>
>  (2) el acusado fue negado la ayuda efectiva de un abogado; o
>
>  (3) el acusado fue perjudicado por mala conducta de la fiscalía.

Spanish translation of Plea Agreement Crispin Vasquez Bautista 22-cr-00227-DDD

El acusado también renuncia el derecho de apelar cualquier sentencia impuesta por debajo de o dentro del margen de las Pautas de Sentencias en caso de alguna revocación de la libertad supervisada en este número de caso, salvo si el acusado presenta objeción sin éxito al grado de violación aplicado por el juez durante el procedimiento de revocación en la corte del distrito.  En ese caso, esta renuncia no se aplica y el acusado podrá apelar la sentencia impuesta por alguna revocación de la libertad supervisada, aunque dicha sentencia resulte por debajo de o dentro del margen de las pautas calculadas por el juez.

El Acusado además renuncia el derecho de apelar la negación de cualquier petición presentada bajo el Título 18 del Código de los Estados Unidos Sección 3582(c)(1)(A) cuando dicha negación recae en cualquier parte sobre la determinación del juez que la reducción de la sentencia no se merece bajo los factores establecidos en el Título 18 del Código de los Estados Unidos, Sección 3553(a).  Esta renuncia no se aplica a una apelación de una petición negada de la Sección 3582(c)(1)(A)(i) cuando el juez del distrito, al negar la petición sobre fundamentos de la Sección 3553(a), falta de considerar los hechos alegados estableciendo circunstancias extraordinarias y convincentes como parte de su análisis de la Sección 3553(a).

## II.  ELEMENTOS DEL DELITO

Las partes están de acuerdo que los elementos del delito por el cual el acusado se declarará culpable son los siguientes:

*Primero:*  El acusado era un extranjero ni ciudadano ni nacional de los Estados Unidos) en el tiempo que se alega en la acusación formal;

*Segundo:*  el acusado había sido previamente deportado y expulsado de los Estados Unidos;

*Tercero:* el acusado a sabiendas entró y fue hallado en los Estados Unidos;

*Cuarto*:  el acusado no había recibido el permiso de las autoridades legales indicadas para solicitar nuevamente su entrada a los Estados Unidos.

Nota:  Las partes están de acuerdo que la provisión de la sentencia del Título 8 del Código de los Estados Unidos Sección 1326(b9(1) se aplica. Este no es un elemento

esencial del delito sino es un factore condenatorio para el Juez.   *Véase Almendares Torres contra Estados Unidos,*  523 U.S. 224, 235 (1998).

## III. <u>PENALIDAD MÁXIMA ESTATUTARIA</u>

La penalidad máxima por una violación del Título 8 del Código de los Estados Unidos Sección 1326(a) y (b)(1) es hasta un máximo de 10 años de prisión, hasta un máximo de $250,000 de multa, o ambas penalidades, y hasta un máximo de tres años de libertad supervisada, y $100 de gravamen especial.

## IV. <u>CONSECUENCIAS COLATERALES</u>

Esta condena por un delito mayor podrá causar la pérdida de derechos civiles, incluyendo pero no limitado a los derechos de poseer armas de fuego, de votar, de mantener un puesto oficial por elecciones, y de servir como integrante en un jurado.  Si el acusado es un extranjero, la condena podrá causar que el acusado sea deportado y expulsado de los Estados Unidos, o que sea encarcelado indefinidamente si no hay ningún país al cual el acusado podrá ser deportado, negado la entrada en el futuro a los Estados Unidos, y/o que se le niegue la ciudadanía.

## V. <u>ESTIPULACIÓN DE LOS HECHOS</u>

Las partes están de acuerdo que existen hechos que fundamentan la declaración de culpabilidad que el acusado presentará conforme a este acuerdo de culpabilidad. Ese fundamento se detalla a continuación. Por lo que el Juez debe, como parte de su metodología condenatoria, calcular el margen recomendado de las pautas de sentencias por el delito de la condena, considerar conducta relevante, y considerar otros factores establecidos en el Título 18 del Código de los Estados Unidos, Sección 3553, factores adicionales se pueden incluir a continuación los cuales sean pertinentes para aquellas consideraciones y computaciones.  En caso de que las partes se encuentren en desacuerdo acerca de los hechos indicados a continuación, la estipulación de hechos

identifica los factores que se conocen estar en disputa en el momento de firmar este acuerdo declaratorio de culpabilidad.

Esta estipulación de hechos no impide que alguna de las partes le presente al Juez en adelante con hechos adicionales que no contradigan los hechos que se han estipulado y los cuales sean relevantes para la computación del Juez de las Pautas de Sentencias y otros factores bajo el Título 18 del Código de los Estados Unidos, Sección 3553, o para la decisión del Juez en general referente a la sentencia.

Las partes estipulan que los siguientes hechos son ciertos y correctos:

El acusado Crispin Vasquez Bautista es un hombre de 40 años oriundo y ciudadano de Cuernavaca, Morelos, México, por virtud de su nacimiento el 25 de octubre, 1981. El acusado entró a los Estados Unidos por última vez, ilegalmente, el 1 de junio, 2019, o aproximadamente en esa fecha. Se determinó que el acusado fue deportado de los Estados Unidos a México por última vez el 21 de noviembre, 2017, por El Paso, Texas, posterior a una condena clasificada como un delito mayor. El acusado no había pedido permiso del Procurador General de los estados Unidos para reingresar a los Estados Unidos después de su última deportación.

El acusado fue hallado por los oficiales de inmigración el 15 de marzo, 2021. El 21 de junio, 2011, el acusado dio una declaración jurada y admitió que él es ciudadano y oriundo de México, no de los Estados Unido; que él entró por última vez a los Estados Unidos el 1 de unió, 2019, después de haber sido previamente deportado en 2017; y que él no había pedido permiso del Procurador general de los Estados Unidos para reingresar a los Estados Unidos después de su última deportación.

El acusado fue condenado el 13 de mayo, 2021 en el Tribunal del Distrito del Condado de Adams, Colorado, del delito de Evadir con un Vehículo en violación de la ley de Colorado C.R.S. Sección 18-9-116.5, un delito mayor de clase cinco, y de Manejar bajo la Influencia en violación de C.R.S. Secciones 42-4-1301(1)(a) y 42-4-107(6) un delito menor no clasificado, por lo cual él fue condenado a 24 meses de libertad condicional con 60 días de cárcel y 365 días de cárcel suspendidos. El también fue otorgado una condena diferida de 24 meses por la condena de Evadir con y Vehículo tal como se mencionó arriba. Caso No. 21CR748.

Spanish translation of Plea Agreement Crispin Vasquez Bautista 22-cr-00227-DDD

El acusado fue condenado el 26 de septiembre, 2016 en el Tribunal del Distrito en el Condado de Arapahoe, Colorado, por el delito de Manejar Bajo la Influencia en violación de C.R.S. sección 42-4-1301(1)(a), un delito mayor, por lo cual él fue condenado a un plazo de dos años en el Departamento de Correcciones con 129 días de crédito por el tiempo cumplido. Caso Número 2016CR1414.

El acusado fue condenado el 31 de julio, 2012, en el Tribunal del Condado de Denver, Colorado, por Manejar Bajo la Influencia en violación de C.R.S. Secciones 42-4-1301(1)(a) y 42-4-1307(6), por un delito menor no clasificado, por lo cual él fue condenado el 18 de noviembre, 2016, a 365 días de cárcel. Caso Número 2012M6979.

El acusado fue condenado el 28 de agosto, 2007, en el Tribunal del Distrito en el Condado de Adams, Colorado por el delito de Manejar Bajo la Influencia en violación de C.R.S. Sección 42-4-1301(1)(a), un delito menor no clasificado, Evadir un Oficial de la Policía en violación de C.R.S. Sección 42-4-1413, una infracción de tránsito de clase dos, y de Manejar Bajo Restricción en violación de C.R.S. Sección 42-2-138(1)(d), un delito menor no clasificado, por o cual él fue condenado a un año de libertad condicional, lo cual fue extendido a otro año de libertad condicional el 1 de agosto, 2008.  Caso Número 2006CR3596.

El acusado fue condenado el 20 de octubre, 2007, en el Tribunal del Condado en Arapahoe, Colorado, del delito de Manejar Bajo la Influencia en violación de C.R.S. Sección 42-4-1301(a) y (9)(a)(II), un delito menor no clasificado, or lo cual él fue condenado a 12 meses de libertad condicional, lo cual fue extendido a otros 12 meses de libertad condicional el 23 de septiembre, 2005.  Caso Número 2003T10325.

## VI.  COMPUTACIÓN DE LAS PAUTAS DE SENTENCIAS RECOMENDADAS Y NOTIFICACIÓN SECCIÓN 3553

Las partes entienden que las Pautas de Sentencias de los Estados Unidos son únicamente recomendadas pero representan el punto de partida y la indicación para la sentencia. Las partes entienden que la  imposición de una sentencia en este caso se

gobierna por el Título 18 del Código de los Estados Unidos, Sección 3553. Al determinar la sentencia específica que se debe imponer, se le requiere al Juez considerar siete factores. Uno de esos factores es el margen condenatorio computado por el Juez bajo las pautas recomendadas promulgadas por la Comisión de las Pautas de Sentencias de los Estados Unidos. Para asistirle al Juez en este aspecto, las partes indican a continuación sus computaciones del margen recomendado de las pautas de sentencias por las Pautas de Sentencias de los Estados Unidos. En caso de que las partes tengan algún desacuerdo en cuanto a la computación de las pautas, la recitación a continuación identifica los hechos que se encuentran en disputa.

La calculación de las pautas a continuación es la computación de buena fe de las partes, pero es apenas una computación. Las partes entienden que el Gobierno tiene la obligación de ayudarle al Juez a hacer una determinación precisa del margen correcto de las pautas de sentencias. Para ese fin, el Gobierno puede hacer argumentos legales o sobre los hechos que afecte la computación a continuación.

A. El nivel delictivo básico es 8. Pautas de Sentencias de los Estados Unidos, Sección 2L1.2(a).

B. Características específicas del delito: hay un aumento de **8 niveles** porque después de que él fue dado orden de deportación, el acusado participó en conducta criminal que resultó en una condena por un delito mayor por el cual la condena impuesta fue de dos años o mas. Pautas de Sentencias de los Estados Unidos Sección 2L1.2(b)(3)(B).

C. No hay ningún ajuste relacionado a víctimas, su papel en el delito, obstrucción, ni por múltiples cargos.

D. El nivel delictivo ajustado sería por lo tanto **16.**

E. El acusado debería recibir un ajuste de 3 niveles por aceptación de responsabilidad bajo la Sección 3E1.1. El nivel del delito total que resulta sería por lo tanto **13.**

Spanish translation of Plea Agreement Crispin Vasquez Bautista 22-cr-00227-DDD

F.   Las partes entienden que la computación de la historia criminal del acusado es tentativa.  La categoría de la historia criminal se determina por el Juez basándose en las condenas previas del acusado.  Basándose en la información disponible actualmente para las partes, se calcula que la Categoría de la Historia Criminal del acusado sería **IV.**

G.   Suponiendo los hechos conocidos por las partes de la historia criminal del acusado están correctas, los ajustes por llevar una carrera criminal o carrera como criminal armado  no se aplican.

H.   <u>Encarcelamiento:</u>  El margen que resulta de las pautas de sentencias recomendadas para un nivel delictivo de **13**  y la categoría de la historia criminal indicada arriba es de  **24 – 30 meses.**   Sin embargo, para la mayor precisión posible, por lo que la categoría de la historia criminal todavía no se ha determinado, el nivel del delito calculado previamente podría posiblemente resultar en un margen desde 12 meses (lo mínimo de la Categoría I) hasta 41 meses (Lo máximo de la Categoría VI).

Nota:  Tal como se indicó previamente, el gobierno está de acuerdo con pedir una reducción de tres niveles en vista de la disposición bajo la "vía rápida".  El margen de encarcelamiento que resulta de un nivel delictivo de  **10**  y de una historia criminal de  **IV**  sería de  **15 – 21**  meses.

I.   <u>Multa:</u> Conforme a la Sección 5E1.2, suponiendo un nivel delictivo calculado de **10**, el margen de multas por este delito sería de  $4,000 a $40,000, más intereses y penalidades aplicables.

J.   <u>Libertad Supervisada:</u> El margen de libertad supervisada bajo la Sección 5D1.2 de las pautas de sentencias es de por lo menos un año pero no más de tres años.

Las partes entienden que aunque el Juez considera las pautas calculadas por las partes, el Juez debe hacer su propia determinación sobre el margen aplicable de las pautas de sentencias. Al hacerlo, el Juez no está comprometido por la posición de ninguna de las partes. Las partes entienden que el Juez tiene la libertad, al considerar y aplicar debidamente todos los factores bajo la Sección 3553 de las Pautas de Sentencias, de imponer esa sentencia razonable que considere indicada al ejercer su discreción y que dicha sentencia podrá ser menos de lo que se indica por las pautas recomendadas (en

Spanish translation of Plea Agreement Crispin Vasquez Bautista 22-cr-00227-DDD

tiempo y forma), o dentro del margen recomendado de las pautas de sentencia, o más de

los recomendado por las pautas de sentencia, hasta e incluyendo encarcelamiento por la

tiempo máximo por ley, no obstante de cualquier computación o posición de cualquiera de

las partes o cualquier factor bajo la sección 3553 de las pautas de Sentencias del Título

18 del Código de los Estados Unidos.

## VII.  **ACUERDO ENTERO**

Este documento declara el acuerdo entero entre las partes. No hay ninguna otra

promesa, acuerdo (ni "acuerdo adicional"), término, condición, entendimiento ni garantía,

ni expresada ni implicada. Al celebrar este acuerdo, ni el Gobierno ni el acusado ha

contado ni cuenta con ningún término, promesa, condición ni garantía que no se ha

declarado expresamente en este acuerdo.

Fecha: 9/14/22        Crispin Vazquez

Crispin Vasquez Bautista
Acusado

Fecha: 9/14/22

John Parras
Abogado del Acusado

Fecha: 9/14/22

Albert Buchman
Fiscal Federal Delegado de los Estados Unidos

Spanish translation of Plea Agreement Crispin Vasquez Bautista 22-cr-00227-DDD

Translator's Certification

I, MARCELA SALAZAR, certified federal court interpreter of English and Spanish by the Administrative Office of the United States Courts, hereby certify that I have personally translated the preceding Plea Agreement regarding defendant Crispin Vasquez Bautista, 22-cr-00227-DDD from English to Spanish, and that said translation is true and accurate to the best of my abilities, understanding, and belief.

_S/Marcela Salazar_
Marcela Salazar
Certified Federal Court Interpreter

11