IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:22-CR-227-DDD

UNITED STATES OF AMERICA,

   Plaintiff,

v.

CRISPIN VASQUEZ-BAUTISTA,

   Defendant.

---

## MOTION FOR VARIANCE

---

Mr. Crispin Vasquez-Bautista, through his lawyer John Parras, moves the Court, pursuant to 18 U.S.C. § 3553(a) to vary downward and impose a sentence of one year and a day, showing for good cause as follows:

I.

The Presentence Investigation Report ("PSR"), Dkt. No 23, finds the total offense level to be 13 with a Criminal History Category III, resulting in a recommended range of imprisonment of 24 to 30 months. (PSR ¶ 70).

The Government, pursuant to its promises in the plea agreement, has moved for a three-level downward departure pursuant to USSG § 5K3.1 (Early Disposition Program) and is expected to request a sentence of 15 months of

imprisonment, the bottom of the range resulting from the requested departure. (Dkt. No. 17 §§ I.B(1) & I.C).

Mr. Vasquez-Bautista does not object to the PSR's USSG calculation and he agrees that the Government's Motion for Downward Departure should be granted. If the requested departure is granted, the resulting recommended range of imprisonment will be 15-21 months. *See* Dkt. No. 23-1 p. R-1 n. 1. (Sentencing Recommendation).

Mr. Vasquez-Bautista's request for a sentence of a year and a day is, therefore, essentially a request for a three-month downward variance from a USSG recommended imprisonment range of 15-21 months.

II.

In imposing a sentence, the Court "shall consider"

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The purposes of sentencing;

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established by the United States Sentencing Guidelines;

(5) pertinent policy statements made by the Sentencing

>    Commission;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victim of the offense.

See 18 U.S.C. §§ 3553(a)(1) through (7).

The overarching provision instructing district courts is to impose a sentence "sufficient but not greater than necessary" to meet the purposes set forth in 18 U.S.C. § 3553(a)(2). Kimbrough v. United States, 552 U.S. 85, 101 (2007). Those purposes are to

>    (A)   reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment for the offense;
>
>    (B)   to afford adequate deterrence to criminal conduct;
>
>    (C)   to protect the public from further crimes of the defendant; and
>
>    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §§ 3553(a)(2)(A) – (D).

III.

A sentence of a year and a day meets the statutory purposes of sentencing. More specifically, the sentence;

    a. Accounts for a three-level downward departure pursuant to the Plea Agreement and USSG § 5K3.1 (Early Disposition Program);

    b. Provides a punishment of imprisonment for this first-time conviction for Mr. Vasquez-Bautista for illegal reentry, thereby reflecting the seriousness of the offense promoting respect for the law, providing just punishment, and deterring others;

    c. Accounts for the collateral punishment and protection to the public from Mr. Vasquez-Bautista's undoubted deportation to Mexico following his imprisonment;[1]

    d. Accounts for the fact that the Federal Bureau of Prisons will not credit Mr. Vasquez-Bautista for the time he spent in BICE custody, between June 21 and July 15, 2022, prior to being transferred to the U.S. Marshal for prosecution in this case;[2] and

    e. Accounts for the fact that Mr. Vasquez-Bautista has a plan to remain in

---

[1] PSR ¶ 62 (noting Mr. Vasquez-Bautista's "probable deportation"); See United States v. Sanchez-Leon, 764 F.3d 1248, 1263 (10th Cir. 2014)(Finding that the district court procedurally erred when it rejected deportability as a permissible factor for a variance).
[2] See Federal Bureau of Prison Program Statement, No. 5880.28, Sentence Computation Manual, p. 1-15A.

Mexico after his deportation. It is to care for his mother and his recently deceased sister's children, to live in a home he is building with the proceeds of his work, and to work as a musician using instruments he purchased and has stored in Mexico. PSR ¶¶ 41, 62 & 64.

For the foregoing reasons, Mr. Vasquez-Bautista prays the Court grant his request for a variance and sentence him to one year and a day, a sentence that is not greater than necessary and sufficient to meet the purposes of sentencing.

                                                  Respectfully submitted,

                                                  s/ John Parras
                                                  John Parras
                                                  John Parras Law Office

                                                  PO BOX 202647
                                                  Denver, CO 80220
                                                  (303) 600-3676
                                                  jparras@mac.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Motion for Variance was served this 22nd day of December, 2022, on the following through the Clerk's electronic case filing system and/or by email to them at:

Al Buchman,
Assistant United States Attorney,
al.buchman@usdoj.gov

and

Michelle D. Sinaka,
United States Probation Officer,
Michelle_Sinaka@cod.uscourts.gov

                                            /s/ John Parras
                                            John Parras