IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00227-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CRISPIN VASQUEZ-BAUTISTA,
   a/k/a Crispin Vazquez-Bautista,

        Defendant.

## RESPONSE TO THE DEFENDANT'S MOTION FOR VARIANCE

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Albert Buchman, Assistant United States Attorney, respectfully submits this Response to the defendant Crispin Vasquez-Bautista's "Motion for Variance." ECF 24. The Court should deny the defendant's request for a variant sentence of 12-months-and-one-day of imprisonment. Rather, the 18 U.S.C. § 3553(a) factors demonstrate that a guidelines sentence is appropriate, and the government requests that a bottom guidelines sentence of 15 months' imprisonment be imposed with three years' supervised release, with a three-level fast-track departure applied, *see* ECF 22.

1

I. **A guidelines sentence is justified under § 3553(a).**

The government largely joins in the United States Probation Office's reasoning for its guidelines recommendation but requests a lower prison sentence of 15 months' imprisonment than their recommended 18-months,' after a fast-track departure is applied. *See* ECF 23, p. R-3.

The defendant has been previously removed from the United States two times, returning to the United States both times in defiance of immigration orders. ECF 23, ¶ 16. The government acknowledges that the instant case is the defendant's first illegal reentry charge and it furthers appears he has a stated plan to remain in Mexico after likely deportation. *See* ECF 24, p. 4-5. But imposing the defendant's requested prison sentence of 12-months-and-one-day would be a windfall to him—a lenient sentence risks emboldening him to defy the law further by reentering the country a third time. At its root, 8 U.S.C. § 1326 is a deterrence statute promulgated to enforce civil immigration regulation. *See e.g.*, *United States v. Hernandez-Guerro*, 147 F.3d 1075, 1078 (9th Cir. 1998). A 15-month guidelines sentence is justified to promote the defendant's compliance with civil immigration laws and deter him from future reentry, hopefully to prevent his getting caught in the cycle of illegal reentries to

which many defendants unfortunately succumb. *Id.* § 3553(a)(2)(A) and (B); *see also* USSG § 2L1.2(b)(1)(A).1

The government is alarmed by the defendant's extensive and overwhelming drunk driving history while in the United States, and a bottom guidelines sentence is justified to specifically deter him from other criminal conduct and also protect the public per 18 U.S.C. § 3553(a)(2)(B) and (C). During his time in the United States, the defendant has been convicted of five drunk driving offenses: four convictions for state misdemeanor DUI and one for state felony DUI. ECF 23, ¶¶ 32-36. Alarmingly, the defendant's felony DUI conviction in 2015 and its companion two-year DOC sentence did not deter him from continued drunk driving. *See id.*, ¶ 35. Rather, in 2021, the defendant was charged again with felony driving under the influence, and he secured a deferred judgment to felony vehicular eluding and a straight conviction to misdemeanor DUI, *See* ECF 23, ¶ 36; *also* Ex. 1, a common concessionary plea bargain offered in felony DUI cases in Colorado's 17th Judicial District, as known to this prosecutor in his former employment there. Unfortunately, the defendant did not embrace the lenient plea disposition but rather continued to test positive for or miss alcohol testing and also failed DUI treatment, among other alleged violations. *See* Ex. 2. Notably, these violations were incurred while he was actively participating on

---

1    The defendant argues that likely deportation is a permissible sentencing consideration, as it constitutes "collateral punishment" in this case. ECF 24, p. 4. In response, the government reasons that civil deportation is not a punishment under the criminal or immigration codes. Rather, a sentence under § 1326, which is fundamentally a deterrence statute, should serve to enhance and promote the impact of civil deportation by deterring future reentry, not be lessened because of it.

probation and before he was secured into federal custody on this case. *See id.*[2] The defendant's serious drunk driving record demonstrates that it is only a matter of time before his actions lead to injury or death.[3] Reflecting upon defendant's criminal history as a whole, a bottom guidelines, and not a lenient variant sentence, serves to deter the defendant and also protect the public.

## II. Supervised release should be imposed.

The government agrees with probation's reasoning and for a three-year supervised release term to promote deterrence under 18 U.S.C. §§ 3583(c) and 3553(a)(2)(B). Importantly, a special condition should be imposed to monitor and enforce the defendant's presence outside of the United States. *Id.* § 3583(d), *see* ECF 23, R-3.

## III. Conclusion

The government respectfully requests that the Court deny the defendant's request for a variance. The government requests the Court impose a sentence of 15

//


//

---

2   The defendant stated in the PSR that he last consumed alcohol more than one year prior to the presentence investigation interview, which was conducted on October 6, 2022. *See* ¶¶ 40, 57. According to the special report filed in Adams County Case No. 21CR00718, the defendant tested positive as late as June 20, 2022, contradicting his admitted abstinence. .

3   National Highway Traffic Safety Administration, Drunk Driving Statistics, https://www.nhtsa.gov/risky-driving/drunk-driving (access December 12, 2022).

months' imprisonment and three years' supervised release, a sentence sufficient but not greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a).

Dated this 23rd day of December, 2022.

                                              Respectfully submitted,

                                              COLE FINEGAN
                                              United States Attorney

                                              *s/ Albert Buchman*
                                              ALBERT BUCHMAN
                                              Assistant United States Attorney
                                              United States Attorney's Office
                                              1801 California Street, Suite 1600
                                              Denver, Colorado 80202
                                              Telephone: (303) 454-0100
                                              E-mail: al.buchman@usdoj.gov

                                              Attorney for the Government

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 23, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                        *s/Stephanie Price*
                                        STEPHANIE PRICE
                                        Legal Assistant
                                        United States Attorney's Office